UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS,<br><br>        Plaintiff,<br><br>v.<br><br>WALTER A. ALLEN,<br><br>        Defendant. | Case No. 04-cv-4155-JPG |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an action brought by the Trustees of Central Laborers' Pension, Welfare & Annuity Funds (Plaintiff) under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended 29 U.S.C. §§ 1132, 1145, to recover certain fund contributions allegedly owed by Walter A. Allen (Allen).

Pursuant to Federal Rule of Civil Procedure 52, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Allen's admissions and the evidence at trial establish the following relevant facts:

The Parties

    1.    The Central Laborers' Pension, Welfare & Annuity Funds operates through its trustees.

    2.    The basis for the operation of the Funds is an Agreement and Declaration of Trust (Declaration of Trust).[1]

---

[1] The copy of the Declaration of Trust plaintiff introduced into evidence at trial was missing the even-numbered pages. (P.'s Trial Ex. 7). This is of no consequence, however, because Allen admitted the genuineness of the Declaration of Trust and other

3. Allen was an officer and director of the J & W Allen Construction Company, Inc., an Illinois corporation (J & W Allen), during the period of time relevant to the Complaint.

## Agreements between J & W Allen and the Laborers' International Union

4. J & W Allen executed agreements with the Laborers' International Union called Participation Agreements.

5. Allen signed one of these Participation Agreements on December 8, 1993. (P.'s Group Ex. 6).

6. J & W Allen executed a Collective Bargaining Agreement with Central Laborers' Pension, Welfare & Annuity Funds. (P.'s Group Ex. 6).

7. These Agreements collectively required J & W Allen to make contributions for its employees into the Trust Funds and to comply with the Declaration of Trust.

8. Article 6, Section 3 of the Declaration of Trust reads as follows:

> Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement . . . those officers and directors of such Employer . . . who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. . . .

(Decl. of Trust at 21).

## Agreed Upon Investigation

---

documents attached to the Complaint during discovery. (Def.'s Resp. Req. Adm. at 1).

9. The firm of Powless, Bragee & Hudgens conducted an agreed upon investigation of J & W Allen's records for the period January 1, 1993 through June 30, 1995.

10. This agreed upon investigation concluded that J & W Allen failed to pay $115,145.28 in mandatory contributions over that period.

11. Allen challenged some of the findings reached in the agreed upon investigation, and engaged in what is termed the "challenge process" with the plaintiff.

12. His challenges were partially successful, such that immediately before trial, the plaintiff was seeking $83,286.32. (P.'s Tr. Ex. 8).

13. The Audit and testimony at trial disclosed a willful violation of the Trust Agreement.

Joe Marshall

14. Joe Marshall, one of the employees for whom J & W Allen failed to contribute according to the agreed upon investigation, gave credible testimony that he never worked as a covered employee under the terms of J & W Allen's Agreements with the Trust Funds. His testimony showed, therefore, that the amounts the agreed upon investigation concluded J & W Allen owed on his behalf were wrong.

15. As a result of Marshall's testimony, plaintiff reduced the amount of money sought in this matter to $69,316.97, which is broken out in a document attached to this Order, Exhibit A.

Breach of Participation Agreements by J & W Allen

16. J & W Allen breached its obligations prior to filing bankruptcy by failing to pay all required contributions for its employees to the Trust Funds.

3

17. Allen had personal knowledge of the willful violations of the Declaration of Trust.

**CONCLUSIONS OF LAW**

The Court has jurisdiction over this case under 28 U.S.C. § 1331. J & W Allen failed to make contributions into the Trust Funds as required by its Collective Bargaining Agreement and its Participation Agreement and is therefore amenable to suit by the plaintiff under ERISA. 29 U.S.C. §§ 1132 & 1145. Pursuant to the Declaration of Trust, as an officer and director of J & W Allen with personal knowledge of its willful violation of the Declaration of Trust, Allen is personally liable to plaintiff in the amount of $69,316.97, representing delinquent contributions due, liquidated damages and audit costs.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

**DATED**: **February 6, 2007**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **U.S. District Judge**